CARROLL, DONALD K., Chief Judge.
The plaintiff in a partition suit has appealed from an order entered by the Circuit Court for Okaloosa County confirming a commissioners’ sale and distributing the assets of an estate.
The plaintiff and the defendants are the sole surviving heirs of P. T. Ewing, deceased, who owned the partitioned property prior to his death in 1924.
At the commissioners’ sale the said property was sold to three of the defendants for $7,000, which is less than half of its appraised value. The court found that the estate had a net balance for distribution of $17,465.02 and that each heir was entitled to one-sixth or $2,910.84. The court further found that each heir had received certain advancements, which were to be credit against his distributive share. The plaintiff was held to have received advancements of a total value of $3,640, so that she owed the estate $729.16.
The statutory authority for entering an order of distribution and taking into account advancements made to a child is found in Section 734.07, Florida Statutes, F.S.A., which reads:
“734.07 Advancements. — When any person has received any advancements from an intestate in his lifetime and any of the next of kin, by petition, alleges that such advancement has been made, the same shall be determined by the county judge upon hearing after citation or notice to the personal representative and other persons interested and, unless the person to whom such advancement was made or those claiming through him renounce his or their interest in the estate, such advancement as of the value at the time made, without interest, shall be taken into account in determining the distribution of the estate and charged against the person to whom such advancement *796 was made or those claiming through him. No personal representative shall be held responsible for having made distribution before such a petition has been filed and citation served upon or notice given to him. The statute of limitations shall not apply to advancements.”
In Lindsley v. McIver, 57 Fla. 466, 48 So. 628 (1909), the Supreme Court of Florida had occasion to define the words “advancement” and “hotchpot” as they are used in the above statute, as follows:
“An advancement is an irrevocable gift in praesenti by a parent to a child in anticipation of such child’s future share of the parent’s estate to the extent of the gift.
“Whether property given by a parent to a child is an advancement, and, if so, its value at the time the advancement was made, are to be determined from the facts and circumstances of each case.
“Hotchpot is the bringing into the estate of an intestate an estimate of the value of advancements made by the intestate to his or her children, in order that the whole may be divided in accordance with the statute of descents. Where those who have received advancements decline to bring the same into hotchpot when legally required to do so, they may in proper proceedings be excluded from participation in the division of the property of the intestate under the statute of descents.”
It appears from the evidence in the record that much of the land considered by the court as constituting advancements was not given to the plaintiff by the deceased, but was acquired by deed from the administratrix or the other heirs. The very definition of advancement excludes such acquisitions, and the court improperly considered them in determining the plaintiff’s distributive share. The details concerning these transactions, however, are not entirely clear in the record.
It will be noted, too, that the statute quoted above fixes the valuation date of advancements as the “time of advancement,” but the court here obviously based its computation upon the appraisal report’ of the commissioners made years after the plaintiff acquired the lands in question.
Since it is our opinion that the Circuit Court in the order appealed from failed to observe the above principles and statutory provisions, that order must be, and it is, reversed and the cause is remanded with directions to recompute the value of the estate and the plaintiff’s distributive share, eliminating from consideration any acquisitions not falling into the above definition of advancements, and evaluating any property received by her as advancements as of the time of such advancements.
Reversed and remanded with directions.
STURGIS and RAWLS, JJ„ concur.